Angus F. MacColl, Appellant, *v.* American Union Life Insurance Company of New York, Respondent.

*Motion to strike out matter as irrelevant or redundant — inconsistent defenses may be set up in an answer if properly pleaded.*

The complaint in an action, brought to recover money alleged to have been paid on account of a subscription to stock in a corporation, alleged that the plaintiff notified defendant of his refusal to take the stock, and that thereafter defendant parted with its entire stock to others, and thereby voluntarily abandoned plaintiff's subscription and released him therefrom; that the defendant was capitalized at a certain sum which had been paid up in cash prior to its date of organization.

The answer, after admitting the organization of the company, the subscription by the plaintiff to the stock and his refusal to take it, denied, except as so admitted, each and every allegation of the complaint, and, by way of further answer, alleged that the sum of money sought to be recovered by the plaintiff was not paid on account of the par value of the stock, but pursuant to an agreement whereby the plaintiff, with other promoters of the company, agreed to pay on the call of the treasurer of the company a sum equal to three per cent of his subscription to said capital stock, which was to be used as a promoters' fund to meet the expenses of the organization of the company, and that the same was received and used for the purpose designated.

Upon a motion made by the plaintiff to strike out certain portions of the defend ant's answer as irrelevant, redundant and inconsistent with the general denial therein contained,

*Held*, that the matter set up in the answer was neither irrelevant nor redundant, and that even though it might be construed as inconsistent, there was nothing in the practice of the court which prevented a person from setting up inconsistent defenses, provided they were properly pleaded, and that the answer could not properly be regarded as sham.

Appeal by the plaintiff, Angus F. MacColl, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of March, 1895, denying the plaintiff's motion to strike out certain parts of defendant's answer as irrelevant, redundant and inconsistent with the general denial therein contained, and as containing matter insufficient either as a defense or a statement of new matter, and also denying the plaintiff's motion to strike out defendant's answer as sham.

*Gideon T. Chappell*, for the appellant.

*Wilson & Bennett*, for the respondent.

Per Curiam:

The action is brought to recover the sum of $300 paid to defendant on account of an alleged stock subscription of $10,000. Among other things the complaint alleges that on May 3, 1894, plaintiff notified defendant of his refusal to take the stock, and that thereafter defendant parted with its entire stock to others, and thereby voluntarily abandoned plaintiff's subscription and released him therefrom. It further alleged that the defendant was capitalized at $500,000, which was paid up in cash prior to the date of its organization.

The defendant, after admitting the organization of the company, the subscription by plaintiff to the stock and his refusal to take it, then denies, except as so admitted, each and every allegation of the complaint, and, by way of further answer, alleges that the $300 sought to be recovered was not paid on account of the par value of the stock, but pursuant to an agreement whereby plaintiff, with other promoters of the company, agreed to pay on the call of the treasurer a sum equal to three per cent on the amount of his subscription to said capital stock, which was to be used as a promoters' fund to

.meet the expenses of the organization of the company, and that the same was received and used for the purposes designated.

We regard this motion, made upon these pleadings, as entirely unnecessary, and, therefore, properly denied by the Special Term. The matter set up in the answer is neither irrelevant nor redundant, and, even though it might be construed as inconsistent, there is nothing in our practice which prevents a person setting up inconsistent defenses provided they are properly pleaded. Nor do we think that the answer can be regarded as sham. The real issue between the parties, as to the terms under which the $300 was paid, seems to be as to whether it was on account of plaintiff's subscription to the stock, or as a subscription to be used for the purpose of paying the expenses of organization in addition to the par value of the stock. While there is in the prospectus issued by the president of the defendant some warrant for the view taken by the plaintiff, this is fully offset by the agreements signed by the plaintiff, in one of which he agrees to pay three per cent of the amount of his subscription, to meet the expenses of organization, and by the other agrees to pay the par value of the stock. The question thus presented is not to be disposed of on a motion, nor can it be said that a defense thus fortified is sham.

As already said, we think the order below was right and should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with ten dollars costs and disbursements.